UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CORNILIOS WOODY, )<br>)<br>    Plaintiff, )<br>)<br>VS. )<br>)<br>ANDREW KELLEY, ET AL., )<br>)<br>    Defendants. ) | No. 20-1124-JDT-cgc |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Cornilios Woody, who is incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Woody filed the necessary financial documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Woody sues the Union City Police Department (UCPD) and UCPD or Drug Task Force officers Andrew Kelley, Ben Yates, Ben Roseburry, Brandon Adams, Ben Burnett, and Chuckie Moran.

Woody alleges the Defendants subjected him to excessive force on December 28, 2018, during the course of arresting him in the parking lot of a Dairy Queen in Union City. He states he was "[t]ased and dry stun[ned] four to five times" "on bare skin while handcuffed and sha[ckl]ed"; repeatedly punched in the stomach by Defendants Kelley and

Burnett; and repeatedly punched in the face by Kelley, who knocked out his tooth. (ECF No. 1 at PageID 2.) Woody further alleges Defendant Adams "put his (feet) on person and knee in back" and that Kelley stepped on Woody's foot "with pressure." (*Id.*) He contends he was not resisting arrest as the Defendants claimed but that it was only his body's reaction to the taser that made him jump. (*Id.* at PageID 3.) Woody alleges the excessive force occurred with "no ambulance or medical to check vitals and get [taser] prongs removed they were pulled roughly from skin, despite being called, officers said none needed." (*Id.* at PageID 2-3.)

Woody states his "anklebone still swells," (*id.* at PageID 2), that he has visible scars on his wrists and ankles from the handcuffs and shackles and that he has complications with his arm going numb. (*Id.* at PageID 3.) He asks for an investigation to "bring truth and light to [the] situation and refer to the ne[cess]ary authorities for evaluation and why it was 'swept under rug.'" (*Id.*) Woody appears to ask for a "body exam" and also for treatment by a "p[sych] doctor [for] anxiety and panic attacks that I now suffer from and paranoia when around too many officers." (*Id.*) He does not allege that he has yet been convicted of any charges arising out of the December 2018 arrest.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

2

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Woody filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court finds that Woody's claims in this case are untimely.  "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim."  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *see also Jones v. Hamblen Cnty. Sheriff's Dep't*, No. 2:20-CV-78-PLR-DCP, 2020 WL 1867292, at *2 (E.D. Tenn. Apr. 14, 2020).  Consequently, "[a] § 1983 claim for excessive force in effectuating an arrest accrues at the time of the arrest."  *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . .")); *see also Steel v. Kelly*, No. 16-1215, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) (quoting *Fox*); *Jones*, 2020 WL 1867292, at *2.  Woody's claims against the Defendants for excessive force and failure to provide medical attention at the time of his arrest thus accrued on the date of that arrest, December 28, 2018.  (ECF No. 1 at PageID 2.)

The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wallace*, 549 U.S. at 387; *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The limitations period for Woody's claims thus expired on December 28, 2019, more than five months before his complaint was filed on June 2, 2020.[1]

Accordingly, this case is subject to dismissal for failure to state a claim because all of Woody's claims are barred by the statute of limitations.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with

---

[1] The complaint was received and docketed by the Clerk on June 8, 2020. (ECF No. 1.) It may be deemed filed, at the earliest, when Woody signed the document on June 2, 2020. (*Id.*); *see Houston v. Lack*, 487 U.S. 266 (1988).

due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that an appeal by Woody in this matter would not be taken in good faith. If Woody nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit, in compliance with 28 U.S.C. §§ 1915(a)-(b), a new *in forma pauperis* affidavit and a current copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Woody, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE